UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. RINKE AND
JOSEPH E. TORI,

       Plaintiffs,

v.                               Case No. 05-71492
                               Honorable Patrick J. Duggan

SALEEN, INC.,

       Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 19

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 11, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

In this diversity lawsuit, Plaintiffs Richard A. Rinke ("Rinke") and Joseph E. Tori ("Tori") allege that Defendant Saleen, Inc. ("Saleen Inc.") breached employment contracts. Presently before the court is Saleen Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 19. In its motion, Saleen Inc. contends that Saleen Special Vehicles, Inc. ("SSV")[1] is an indispensable party to this litigation. As SSV is incorporated and has its principal place of business in Michigan, its joinder would defeat

---

[1] On June 25, 2002, SSV was incorporated in the State of Michigan under the name Saleen Incorporated – Michigan . *See* Resp. Ex. 4. On May 26, 2005, the name of the corporation was changed to Saleen Special Vehicles, Inc. *See id.*

1

this court's diversity jurisdiction.  Accordingly, Saleen Inc. argues that the complaint

must be dismissed. The court held a hearing on Rinke's motion on October 6, 2005.

### Factual and Procedural Background

In February 2002, Ford Motor Company ("Ford") awarded Saleen Inc. a contract

to manufacture the Ford GT, a limited production vehicle.  Saleen Inc., headquartered in

Irvine, California, manufactures specialty vehicles.  Steve Saleen ("Saleen") is the

President of Saleen Inc.  Pursuant to its contract with Ford, Saleen Inc. was required to

manufacture the Ford GT in Michigan.

John Colletti, the Director of Ford's Special Vehicle Team, contacted Rinke and

recommended that Rinke take the lead on the manufacturing and design of the Ford GT.

Rinke and Saleen therefore met in early 2002, at which time they agreed that Rinke would

establish a Michigan Saleen Special Vehicles ("SSV") facility.  According to Rinke,

when he attempted to secure financing for the SSV facility based on Saleen Inc.'s credit,

he was unsuccessful.  *See* Resp. Ex. 1 ¶¶ 12 & 13.  Rinke and Tori claim that a separate

corporation therefore was established in June 2002, named Saleen Incorporated –

Michigan ("Saleen Michigan").  Rinke and Tori assert, however, that Saleen Michigan

was never operational.  *See* Resp. at 3.  Eventually the SSV facility was established and it

began producing Ford GTs in January 2003.

In March 2004, Rinke entered into a written employment contract with Saleen Inc.

The contract confirmed Rinke's position "as Vice President of Saleen Inc, with

responsibility for the Saleen SSV division, reporting to [Saleen]."  *See* Mot. Ex. 5c.

2

Rinke became Saleen Inc.'s Chief Operating Officer in early August 2004.

Saleen Inc. hired Tori as the General Manager of its Irvine, California facility in January 2004. *See id*. Ex. 5b. Pursuant to Tori's employment contract, he was "responsible for S7 production, Saleen branded domestic production (Mustang, T-Bird, Focus), Fabrication, Speed lab (Engine and subassembly), Paint, Composites, Supply chain (Purchasing and Warehouse) and Aftermarket Parts . . ." *See id*. According to his contract, Tori reported to Saleen. *See id*. Sometime after January 2004, Tori became the General Manager of the SSV facility in Michigan.

Rinke contends that his relationship with Saleen became increasingly tense in the Fall of 2004, as a result of Saleen's mismanagement of the company. Saleen counters that Rinke was the party defrauding Saleen Inc. Specifically, Saleen alleges that Rinke hired friends and family members to work on the Ford GT program, misappropriated company funds, used company employees to perform personal services, and misappropriated four "Ford Think" vehicles and other assets. In short, Saleen Inc. claims Rinke breached his fiduciary duties as its Vice President and Chief Operating Officer. As a result, on February 22, 2005, Saleen terminated Rinke. Saleen Inc. thereafter terminated Tori.

On April 13, 2005, Saleen Inc. and Saleen Michigan filed a complaint against Rinke, Tori, and three other Saleen Inc. employees in Oakland County Circuit Court (the "state court action"). The complaint alleges that the defendants breached their fiduciary duties to "Saleen," embezzled money belonging to "Saleen," converted tools and other

3

property belonging to "Saleen," and conspired with one another to commit these acts.  *See* Mot. Ex. A.  Two days later, on April 15, Rinke and Tori filed the present lawsuit.

## Applicable Law

As the Sixth Circuit recently summarized in *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (2004), assessing whether joinder is proper under Rule 19 is a three-step process.  *Id.* at 666 (citations omitted). First the court must determine whether SSV is a necessary party under Rule 19(a).  *Id.*  If so, the court then must decide if joinder of SSV is feasible.  *Id.*  Third, if joinder is not feasible, "the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable."  *Id.*

## Burden of Proof

"The burden is on the party raising the defense [of failure to join an indispensable party] to show that the person or entity who was not joined is needed for a just adjudication."  CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE 3d § 1609, p. 129-30 (cases cited therein).  The Sixth Circuit has stated, however, that "[w]here an initial appraisal of the facts reveals the possibility that an unjoined party is arguably indispensable, the burden devolves upon the party whose interests are adverse to the unjoined party to negate the unjoined party's indispensability to the satisfaction of the court." *Boles v. Greenville Housing Auth.*, 468 F.2d 476, 478 (6th Cir. 1972).  Thus it appears that Saleen Inc. initially must set forth facts which reveal the possibility that SSV is arguably indispensable; if such facts are

4

presented, Rinke and Tori then must negate SSV's indispensability.

Pursuant to Rule 19(a), SSV is a necessary party if (1) in SSV's absence, complete relief cannot be accorded to Rinke, Tori, or Saleen Inc.; or (2) SSV claims an interest relating to the subject of the action and is so situated that the disposition of the action in SSV's absence may (i) as a practical matter impair or impede SSV's ability to protect that interest or (ii) leave Rinke, Tori, or Saleen Inc. subject to a substantial risk of double, multiple, or inconsistent obligations by reason of the claimed interest.[2]  *See* FED. R. CIV. P.  19(a).  Saleen Inc. contends that SSV is a necessary party because SSV faces the likelihood of inconsistent or multiple obligations if it is not a party to this action.  *See* Mot. at 10.  As Saleen Inc. explains, it intends to assert in defense of Rinke's and Tori's breach of contract claim that both individuals breached their fiduciary duties to the corporation.  This is the same claim made by Saleen Inc. and Saleen Michigan in their state court action.  Thus, Saleen Inc. argues, a judgment in Rinke's and Tori's favor in this lawsuit would have a preclusive effect upon SSV in the state court action.

SSV's interests are considered under Rule 19(a)(2)(i).  The question therefore is

---

[2]The exact language of Rule 19(a) provides for joinder if:
> . . . (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P.  19(a).

whether SSV's ability to protect its interest– that being, recovering from Rinke and Tori for their alleged breach of their fiduciary duties– would be impaired or impeded by its absence from this litigation.  For several reasons, the court cannot find that SSV is "arguably indispensable" under this subsection.

Rinke and Tori both were employed by Saleen Inc.  Tori initially was hired by Saleen Inc. to serve as the General Manager of its Irvine Operation.  *See* Mot. Ex. 5B.  At some point in time, he was transferred to serve as the General Manager of the SSV facility. Rinke was hired as Vice President of Saleen Inc., "with responsibility for the Saleen SSV *division*."  *See id*. Ex. 5C (emphasis added).

Although Saleen Michigan was incorporated before Rinke's and Tori's employment contracts were executed, the contracts do not provide that either individual had any responsibilities for Saleen Michigan.  Instead, with respect to Rinke, the contract refers to "the Saleen SSV division."  A company called "SSV" did not exist at the time Rinke's contract was executed.  Therefore there is no evidence that Rinke was given control of a *separate* corporate entity, as Saleen Inc. contends.  Nor does Rinke's contract suggest that he had any responsibilities for the allegedly separate corporation named SSV (or Saleen Michigan).  Rather, the evidence only suggests that Rinke was put in charge of Saleen Inc.'s SSV facility or division.  Similarly, Tori was the General Manager of the SSV facility.

An initial appraisal of the facts, therefore, suggests that Rinke and Tori were employed by Saleen Inc. to work at the SSV facility which was a division of Saleen Inc.

6

Regardless of what is alleged in the state court action, therefore, Saleen Michigan does not appear to have any interest in the subject of this action. In any event, at the hearing, counsel for Plaintiffs stipulated that Plaintiffs would not seek to use any holding or finding in this case against Saleen Michigan in the state court action.  This stipulation negates any possible impairment or impediment to Saleen Michigan if this case goes forward in its absence.

The court therefore concludes that SSV is not a necessary party to this litigation pursuant to Rule 19(a)(2)(i).  Because SSV is not a necessary party, the Court further concludes that it is not an indispensable party requiring dismissal of Plaintiffs' lawsuit. Therefore,

**IT IS ORDERED**, that Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 19 is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Sue Ellen Eisenberg, Esq.
Julie Kosovec, Esq.

7